NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3191

GILBERT J. ALSTON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Gilbert J. Alston, of New York, New York, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3191

GILBERT J. ALSTON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  November 13, 2007

_____

Before MICHEL, <u>Chief Judge</u>, RADER and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Gilbert Alston seeks review of a decision of the Merit Systems Protection Board that became final when the time elapsed for Alston to file a petition for review on February 16, 2007.  <u>Alston v. U.S. Postal Serv.</u>, No. NY-0752-06-0047-I-2 (M.S.P.B. Jan. 12, 2007); <u>see</u> 5 C.F.R. § 1201.113.  Because the administrative judge ("AJ") did not abuse his discretion in dismissing Alston's appeal as untimely, we <u>affirm</u>.

Alston first appealed his removal from the United States Postal Service in November 2005, but the AJ dismissed that appeal without prejudice to afford Alston the opportunity to obtain counsel.  <u>Alston v. U.S. Postal Serv.</u>, No. NY-0752-06-0047-I-1 (M.S.P.B. Jan. 27, 2006).  The dismissal order was explicit that Alston could refile the appeal "<u>no earlier than March 3, 2006, and no later than March 13, 2006</u>."  <u>Id.</u> at 2 (emphasis in original).  Alston did not refile his appeal until September 27, 2006.

Accordingly, in order to avoid dismissal of his appeal as untimely, Alston was required to show good cause for the delay. 5 C.F.R. § 1201.22(c).

In response to the AJ's order to show cause why the appeal should not be dismissed as untimely, Alston indicated that he no longer had permanent residency and was occupied by the "need to simply stay alive." However, as the AJ observed, this does not explain the delay of over six months in refiling the appeal, particularly because Alston was able to comply in a timely manner with the show cause order. Alston also asserts that he only came to understand the need to refile his appeal upon receiving a demand for payment to the U.S. government in August of 2006, apparently relating to accrued leave at the position from which he was removed. This does not excuse the untimeliness of Alston's September 26, 2006 refiling. Finally, to the extent Alston alleges that he was waiting for the agency to set a date for refiling, the AJ did not abuse his discretion in concluding that this did not constitute good cause in light of the clearly stated deadline in the dismissal order and the fact that the order did not refer or relate to any subsequent action to be taken by the agency.

Accordingly, the AJ's finding that Alston did not exercise due diligence or ordinary prudence under the circumstances of this case is supported by substantial evidence, and the decision not to waive the deadline to refile was not an abuse of discretion. We affirm.

COSTS

No costs.